610 N.W.2d 916 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Andrew Frederick BABICK, Jr., Defendant-Appellant.
Docket No. 115560, COA No. 207638.
Supreme Court of Michigan.
May 26, 2000.
On order of the Court, the delayed application for leave to appeal from the August 13, 1999 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
In denying leave to appeal we wish to note that the Attorney General's Office prosecuted this case. The trial court granted the defendant's motion for expert witness funds. The motion was granted "... provided that the State of Michigan provides the funds and not the County of Calhoun."
Defense counsel sent the assistant attorney general a copy of the trial court's order, but he responded by saying that the attorney general was unable, either factually or by law, to accept the bill for payment, stating that it creates a conflict of interest to process expenses of a criminal matter through the prosecution's office.
The Court of Appeals ruled that defendant "neither attempted to retain an expert nor filed a claim with the administrative law board for reimbursement as provided by M.C.L. § 600.6419(1); MSA 27A.6419(1)." Op., p. 917.
We believe that the failure of the Attorney General's Office to assist the defendant in this regard, while not rising to the level of state interference with defendant's right to effective assistance of counsel, was inconsistent with the higher duty which the prosecutor owes to the public. While we are persuaded to deny leave to appeal, we nonetheless expect the Attorney General's Office to provide assistance under similar circumstances in future cases.
*917 MARKMAN, J., concurs and states as follows:
I agree with the order of this Court to the extent that it concludes that the failure of the Attorney General's Office to assist the defendant in obtaining an arson expert was inconsistent with its duty to the public, but that such failure, nevertheless, did not rise to the level of state interference with the defendant's right to effective assistance of counsel.
MARILYN J. KELLY, J., dissents and states as follows:
I agree that the assistant attorney general in this case did not meet his higher duty to the public. I believe that we should consider stronger action to prevent similar conduct from recurring. Also, this defendant may have been denied a fair trial.
A jury convicted defendant of two counts of felony murder and one count of arson of a dwelling house. Before trial, he filed a motion for funds to hire a witness expert in arson. The trial court granted the motion and issued an order providing that the state of Michigan, rather than the county of Calhoun, bear the expense.
When defense counsel submitted the order to the assistant attorney general, he responded that it was a conflict of interest for his office to process the expense. Defendant claims to have tried various methods to collect the funds from the state, without success. Consequently, at trial, he did not have the benefit of an arson expert to aid in his defense.
On appeal to this Court, the Attorney General argues that defendant should have filed a claim with the state administrative board, as provided by M.C.L. § 600.6419(1); MSA 27A.6419(1). This is correct. However, M.C.L. § 600.6419(1); MSA 27A.6419(1) also provides that the state administrative board consider claims against the state under $1,000 "upon the advice of the attorney general." Thus, the Attorney General has a role in the procedure.
The assistant attorney general's refusal to provide support to defendant denied him a fair trial. The prosecution presented evidence that accelerants were used. Its reliability went unchallenged. If an arson expert, testifying on behalf of defendant, had rebutted the prosecution's experts, the jury might have accepted defendant's claim that the fire was set accidentally.
The prosecution's duty in a criminal proceeding is to serve justice, not to win at all costs. The assistant attorney general failed to ensure justice was served in this case.
MICHAEL F. CAVANAGH, J., would grant leave to appeal.